## Brown's Appeal.

1. The real estate of a debtor was sold by the sheriff and the proceeds paid into court for distribution. All the judgments entered or revived within five years preceding the sale were paid in full, leaving a surplus. There were two judgments the liens of which had expired, not having been revived within five years, and the auditor appropriated the surplus to these judgments. The court overruled the auditor and awarded the surplus to the defendant in the execution. *Held*, that this was error.

2. As to creditors whose judgments were either entered or revived within five years before the sale the judgments not revived had undoubtedly ceased to be liens, but as between them and the judgment debtor the lien continued, notwithstanding the lapse of more than five years from the entry of the judgments without revival.

October 29th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, TRUNKEY and STERRETT, JJ. PAXSON and GREEN, J., absent.

Appeal from the Court of Common Pleas of *Armstrong county:* Of October and November Term 1879, No. 263.

Appeal of James E. Brown from the decree of the court sustaining the exceptions to the report of the auditor appointed to distribute the proceeds of the sheriff's sale of the real estate of Linas Townsend.

The real estate of Townsend was sold and the proceeds, $3685, paid into court and distributed by an auditor. All the judgments entered or revived within five years preceding the sale were paid in full, leaving a surplus. There were two judgments the liens of which had expired, not having been revived within five years, and to these the auditor appropriated the surplus in preference to the defendant in the execution.

Exceptions were filed to this distribution, and the court, McDermitt, P. J., in ruling upon the exceptions said: "The authority for the auditor's distribution, he contends, is contained in Konigmaker *v.* Brown, 2 Harris 269, and Fetterman *v.* Murphy, 4 Watts 424. These decisions are, however, based on the acts regulating the duration of liens against decedent's real estate while in the hands of his heirs or devisees. They are, therefore, not in point.

The Act of June 16th 1836, Purd. Dig. 657, pl. 116, regulating the distribution of the proceeds of sheriff's sales, reads: "Whenever the proceeds of a sale upon execution as aforesaid shall be more than sufficient to satisfy the liens upon the property sold, the officer making such sale or receiving such proceeds shall pay the surplus to the debtor, unless the fund shall have been paid into court, and then, and not before, such officer shall be discharged thereof upon record in the court to which he shall make return of his proceedings concerning such executions."

The exceptions are sustained, and the entire surplus remaining, after satisfying the judgments, which were liens on the land.

when sold, is ordered to be paid to the defendant." This action was assigned for error by appellant, the owner of one of the judgments whose liens had expired.

*E. S. Golden* and *G. N. Guthrie,* for appellant.—By interpretation of the Statute of Westminster II., a judgment binds the land held at the date of it, and without limitation of time. The creditor might have execution of it in the *hands of the debtor* at any indefinite period while the judgment remained unpaid. Thus stood the law in Pennsylvania till the statute of 1798 restrained the lien of a judgment to a period of five years (but only in favor of purchasers from the debtor, and judgment-creditors in his lifetime); it left it without bound or limit against every one else : Aurand's Appeal, 10 Casey 151; Fetterman *v.* Murphy, 4 Watts 424; Brobst *v.* Bright, 8 Id. 124 ; Wells *v.* Baird, 3 Barr 351; Marsh *v.* Haldeman, 2 Clark 234; Baxter *v.* Allen, 1 W. N. C. 271.

But the learned judge holds that this rule of law only applies in cases of decedents' estates. What higher right has the debtor himself to limit the lien of his debts evidenced by judgment than his heirs or devisees ? And the reason that his judgments remain liens against his heirs and devisees is that they occupy his place and are entitled only to his rights.

Again, the learned judge cites the Act of 1836. The word *lien* in that act was used by the legislature in full view of the construction theretofore given to the Statute of Westminster II., and the Act of 1798 and these recognise all judgments as *liens* as against the debtor himself or his heirs and devisees.

*J. A. Getty* and *H. W. Wier,* for appellees.—As early as 1705, the statute, Purd. Dig., pl. 123, page 484, provides that in a sale by the officer, upon a mortgage, he " must render the overplus to the debtor or defendant." Act 4th April 1798, Purd. Dig., pl. 3, page 819, defines what are liens upon real estate and, in these words: "No judgment hereafter entered in any court of record within this Commonwealth shall continue a lien on the real estate of the person against whom such judgment may be entered, during a longer term than five years, unless the person who may obtain such judgment, or his legal representatives, or other person interested, shall, within the said term of five years, sue out a writ of scire facias to revive the same."

Mr. Justice STERRETT delivered the opinion of the court, January 5th 1880.

It is conceded that the judgments against the appellee, entered or revived within five years before the sheriff's sale of his real estate, are entitled to be fully paid out of the proceeds. After

[Brown's Appeal.]

satisfying these judgments there remains a surplus, in regard to which the present contention has arisen between the appellant, whose judgment was entered more than five years before the sale and was not revived in the meantime, and the defendant in the judgment. The former claims that as against the defendant his judgment is entitled to the surplus. The appellee, defendant in the judgment, contends that it ceased to be a lien before the sale, not only as to subsequent judgment-creditors but also as to himself, and hence the surplus should be awarded to him.

As to creditors whose judgments were either entered or revived within five years before the sale the judgment of appellant had undoubtedly ceased to be a lien, but as between him and the judgment-debtor the lien continued notwithstanding the lapse of more than five years from the entry of the judgment without revival. When the debtor continues, as did the appellee in this case, to be the owner of the land originally bound by the judgment, and the same is sold on execution against him, the judgment-creditor has a right to participate in any surplus that may remain after satisfying judgments entered or revived within the five years. This appears to be the construction heretofore given to the Act of April 4th 1798. The mischief intended to be remedied by the act did not extend to the defendant. Prior to the passage of the act the lien of a judgment on real estate owned by the defendant at the date of its rendition was unlimited as to time, and the creditor might have execution of the land in the hands of his debtor at any time while the judgment remained unpaid. This indefinite lien was limited by the act to a period of five years, "but only in favor of purchasers from the debtor and judgment-creditors in his lifetime; it left it without bound or limit as to every one else:" Aurand's Appeal, 10 Casey 151; Fetterman v. Murphy, 4 Watts 424. In the latter case it is said that the second section of the act, which provides that "no judgment hereafter entered in any court of record within this Commonwealth shall continue a lien," &c., has no relation to the defendant in the judgment. It leaves the rights of the plaintiff, as to him, precisely as they were before; but, if the creditor fails to revive his judgment, according to its provisions, the act limits his right to five years against purchasers or those who acquire subsequent liens on lands originally bound by the judgment.

It follows that the learned auditor was right in appropriating the surplus fund as he did, and his report should have been confirmed.

> Decree reversed at the costs of the appellee, and it is now ordered and decreed that the report of the auditor be confirmed, and the fund in court distributed in accordance therewith.