# McCahan *versus* Elliott.

1: A judgment after five years loses its lien on real estate only as against other lien creditors or purchasers; as respects the defendant against whom the judgment was personally obtained, its lien continues after the expiration of five years as before.

2. Where the term of five years from the entry of a judgment expired after the issuing of a venditioni exponas thereon, but before the date of the sheriff's sale under the vend. ex.: *Held*, that said sheriff's sale passed the defendant's title to the purchaser; the only effect of the expiration of said term of five years being to let in a subsequent judgment creditor to priority in the distribution of the proceeds of the sheriff's sale.

3. Where, under such circumstances, said judgment was subsequently revived, and the premises were again sold at sheriff's sale under an execution issued on the revived judgment: *Held*, that the purchaser at the second sale was not entitled to recover, in ejectment, from the purchaser at the first sale.

May 21st 1883. Before Mercur, C. J., Gordon, Paxson, Trunkey, Sterrett and Green, JJ. Clark, J., absent.

[McCahan *v.* Elliott.]

ERROR to the Court of Common Pleas of *Juniata county :* Of July Term 1882, No. 192.

Ejectment, by Stewart Elliott, against J. Shepperd McCahan and William B. McCahan, for a tract of land, situate in said county, containing one hundred acres. The defendants appeared and filed an abstract of title.

On the trial, before BARNETT, P. J., there was no dispute as to the material facts, which were as follows : Both parties claim under J. S. McCahan, who, on January 21st 1875, was the owner in fee simple of the land in dispute. On that day James Heffner obtained a judgment against said J. S. McCahan, for $284.35. He issued a fi. fa. to April Term 1876, under which the land in question was levied on, and upon inquisition the rental value was fixed at $80 per annum, the property extended and retained by the defendant at said rental. On July 23d 1877, James Heffner assigned said judgment to Alexander King and D. Stewart Elliott.

On April 11th 1876, W. B. McCahan, Committee, &c., recovered judgment against said J. S. McCahan for $800.

Upon affidavit of default in payment of rental, under the extent of the Heffner judgment, a venditioni exponas was issued thereon January 6th 1880, to No. 9, February Term 1880, under which the tract in controversy was sold at sheriff's sale on January 30th 1880, as the property of J. S. McCahan, to W. B. McCahan for $250.

In the meantime, between the date of issuing said vend. exp. and the date of the sheriff's sale thereunder, to wit, on January 21st 1880, the term of five years from the date of the entry of the Heffner judgment expired. The sheriff therefore made return to said vend. ex., that W. B. McCahan, the purchaser, being a lien creditor entitled to priority in distribution, he had exchanged receipts with him for the purchase money, less costs. A deed poll was acknowledged by the sheriff to W. B. McCahan for the tract, March 17th 1880, and he took possession.

On February 5th 1880, an amicable sci. fa. to revive and continue the lien of the Heffner judgment, with confession of judgment thereon by J. S. McCahan, defendant, was filed. A fi. fa. was issued on this judgment of revival to September Term 1880, under which the tract in controversy was levied upon as the property of J. S. McCahan, and condemned. A vend. ex. was issued to December Term 1880, the property was sold at sheriff's sale December 3d 1880, to D. Stewart Elliott, and a sheriff's deed acknowledged to him therefor December 8th 1880.

D. Stewart Elliott thereupon brought this action of ejectment.

[McCahan *v*. Elliott.]

The court, under the foregoing undisputed facts, directed the jury to find for the plaintiffs, subject to the question of law reserved, whether under said facts, the plaintiff was entitled to recover.    Verdict accordingly.

Subsequently the court, in an opinion filed by BARNETT, P. J., directed judgment to be entered for plaintiff on the verdict. In this opinion the court stated, as a fact, that the Heffner judgment was obtained January 1st 1875, and expired five years thereafter, to wit, January 1st 1880, prior to the issue of the venditioni exponas, on January 6th 1880, by reason whereof "there was lien neither of judgment nor execution," and the sheriff's sale, made by virtue of said vend. ex., under which the defendant W. B. McCahan claimed, was without authority of law and void.    The court therefore held that the defendant took no title thereunder, and that the plaintiff was entitled to recover upon his title under the execution and sheriff's sale made after the revival of the judgment, as above stated.

The defendants thereupon took this writ of error, assigning for error, inter alia, that the court erred in holding that the sheriff's sale made to W. B. McCahan was void; and in entering judgment for the plaintiff on the verdict.

Subsequently to the issuing of the writ of error, BARNETT, P. J., filed the following note to the opinion and judgment, which was brought up with the record:

"NOTE. Through failure to hear and understand correctly the date of the lien of the judgment at the time my notes of evidence were taken, I have stated the date as the first day of January.    And now, 23rd April, 1883, I find that date is erroneously stated, and that the true date of said lien is the 21st January, 1875.          CHAS. A. BARNETT, President Judge."

*Louis E. Atkinson* (with him *George Jacobs, Jr.*), for the plaintiffs in error.—Apart from the error of fact into which the court below accidentally fell, in treating the case as if the five year lien of the Heffner judgment expired prior to the issuing of the vend. ex., the court erred, as matter of law, in holding that the sheriff's sale to W. B. McCahan was void.    The judgment having been obtained against the defendant J. S. McCahan, the only effect of the lapse of five years was to let in the lien of the W. B. McCahan judgment ahead of the Heffner judgment in distribution.    The lien of the Heffner judgment as against the defendant himself continued for twenty years, and the first sheriff's sale under that judgment passed the defendant's title to the purchaser, and left nothing for the second sheriff's sale, under the revival of that judgment, to operate upon.    The plaintiff below therefore took no title under that second sheriff's sale, and the court should have entered

[McCahan v. Elliott.]

judgment, on the question reserved, for the defendants, non obstante veredicto : Aurand's Appeal, 10 Casey 151 ; Hinds v. Scott, 1 Jones 19 ; Fetterman v. Murphy, 4 Watts 424 ; Irwin v. Nixon, 1 Jones 419 ; Baxter v. Allen, 27 P. F. S. 468 ; Brown's Appeal, 10 Norris 485.

(No counsel appeared for the defendant in error, and no paper book on his behalf was submitted.)

Chief Justice Mercur delivered the opinion of the court, October 1st 1883.

This contention is in regard to the effect of a certain sale of land made by the sheriff. The original validity of the judgment, and of its lien on the land, are unquestioned. The executions thereon were regular and in due form.

The sole objection is, that after the writ of venditioni exponas issued, but before the sale was made, the five years from the rendition of the judgment had expired. In behalf of a good-faith purchaser of the land, who bought before the sale made by the sheriff, this objection would be valid. Another judgment lien obtained within five years before the sheriff's sale, would be preferred in the distribution of the fund. One so obtained was preferred here. Those questions are not now before us. The only question is, did the purchaser at that sale take title to the land ?

The learned judge, thinking the five years had expired before the vend. exp. issued, held that the sale passed no title. This error of fact was corrected, and the true date made matter of record after the judgment in this case was entered. Whether he was correct, had the fact been as assumed, has ceased to be important. Under the facts now unquestioned the judgment is wrong.

The lien of a judgment, so far as concerns purchasers or intervening incumbrancers, expires at the end of five years ; yet such is not the case with the defendant in the judgment. As to him the lien is indefinite : Fetterman v. Murphy, 4 Watts 424 ; Hinds v. Scott, 1 Jones 107 ; Irvine v. Nixon, Id. 419 ; Aurand's Appeal, 10 Casey 151 ; Brown's Appeal, 10 Norris 485. Notwithstanding the five years have expired, if the land remain in the hands of the defendant, it may be sold by execution on the judgment, and the title pass as effectually as if it were a chattel : Lewis v. Morgan, 11 S. & R. 236.

No purchaser had intervened between the entry of the judgment and the issuing of the writ on which the sale was made. None afterwards intervened before the sale. The defendant in the judgment remained the owner of the land. As to him the lien continued in full force. The sale was prosecuted with

[McCahan *v.* Elliott.]

due diligence. As to intervening creditors, this judgment was postponed in the distribution ; but the title to the land passed by the sale.

As this conclusion is fatal to the claim which the defendant makes under a subsequent sale on the same judgment after revival, we do not deem it necessary to consider the question of estoppel. He certainly presents no equities to prevent full effect being given to the law as we have declared it.

Judgment reversed, and judgment non obstante veredicto in favor of the plaintiffs in error.