## Ogilsby *against* Lee.

A writ of attachment in the nature of an execution may issue after the year and day has expired from the rendition of the judgment.

ERROR to the Common Pleas of *Northumberland* county.
Ogilsby & Hinckley against James Lee. The plaintiff obtained

[Ogilsby v. Lee.]

a judgment in debt against the defendant on the 27th December 1839; on the 16th August 1833, he issued an attachment in the nature of an execution against the defendant, which the court set aside because more than a year and a day had elapsed from the rendition of the judgment.

*Jordan*, for plaintiff in error, referred to the 35th section of the Act of 1836, and contended that the process in this case was only in the *nature* of an execution, and that the party might appear to it and set up any defence which he could make on a *scire facias*. 1 *Troub. & Haly* 501.

*Higgins*, contra, argued that the process was in execution of a judgment, which was to be levied upon a debt due to the defendant, and the Act of Assembly was peremptory that no execution should issue after a year and a day.

The opinion of the Court was delivered by

SERGEANT, J.—The 35th section of the Act of 16th June 1836 makes it the duty of the officer charged with the execution of the writ of attachment to serve a copy thereof on the defendant in the judgment, as well as others named in it, in the manner provided for the service of a writ of summons in a personal action. To this summons it is clear that the defendant may appear and become a party, and plead payment, or any other plea which he might have taken advantage of, upon a *scire facias post annum et diem*. To require a previous *scire facias* to issue after the lapse of a year and a day before a writ of attachment could be taken out, would therefore seem to be superfluous, not tending to secure any purposes of justice, but leading to unnecessary expense and delay. Every object of a *scire facias post annum et diem* being provided for in the writ of attachment itself, it would seem that the provisions for that writ must be limited to the case of an ordinary execution issued, in which there is no summons of the defendant, nor day in court given.

Judgment reversed, and *venire facias de novo* awarded.