## PHILADELPHIA FIRE AND INLAND NAVIGATION COMPANY'S APPEAL.

A judgment on a scire facias post annum et diem revives the lien, as well as if entered on a writ directed by the act of 1798.

APPEAL from the District Court.

*March* 6.—The Mechanics' and Tradesmen's Loan Company entered judgment on warrant of attorney, in November, 1837, on which a scire facias was issued, reciting the original judgment and that execution remained to be done, and commanding the sheriff to warn defendant to show cause why plaintiff ought not to have execution. On this, judgment was entered in March, 1842. . Appellants subsequently obtained a judgment, on which the property was sold, and the question was as to the lien of the Loan Company, which the court decided bound the property.

*A. Phillips*, for appellants.—In Gash *v.* Petterman, 3 Watts & Serg. 351, it was held, the judgment was not revived. [*Chief Justice.*—No; only that he could not have judgment, as nothing was due at the suing out of the writ.] In Arrison *v.* The Commonwealth, a misrecital of the original judgment was held fatal. [*Chief Justice.*—The judgment revived was not the same as that on which the writ issued.] In Pennock *v.* Hart, 8 Serg. & Rawle, 379, the right to a new judgment under this writ was denied. [*Chief Justice.*—That was the first time it was doubted, but the practice had been such as not to be changed. For twenty years after the act of 1798, no other writ was used in the western part of the state, and numerous titles would have been disturbed by such a decision.]

This court has held that where a new act of Assembly has reaffirmed

a former one, the former practice must be amended to suit the direction of the legislature; Foreman *v.* Schricon, 8 Watts & Serg. 43. The same thing occurs here.

The court declined hearing *St. G. Campbell,* for appellee.

*March* 10.    PER CURIAM.—The very point before us was ruled at the last term at Pittsburgh, in Tiernan *v.* Dougherty, in which it was held, that the lien of a judgment may be revived as well by a scire facias post annum et diem as by the writ directed in the act of 1798 ; and this, on the ground that it would produce a scene of general ruin to decide otherwise. Though the practice of the profession was for many years irregular in this respect, we dare not disturb it, and the point must be considered as at rest.

Decree affirmed.