## In the Court of Common Pleas of Schuylkill County.

### WILLIAM L. TORBERT v. JOHN Y. YOCUM.

Where the jurisdiction of a justice is attacked, evidence may be given *aliunde* to determine the jurisdiction.

A party cannot remit part of a claim to confer jurisdiction on a justice.

Want of jurisdiction may be set up in a certiorari to an alias execution to defeat a judgment entered by a justice nine months previously.

Certiorari.

Opinion delivered September 21, 1874, by

GREEN, J. Two exceptions have been filed to this proceeding, the first being to the jurisdiction of the Justice because the claim exceeded one hundred dollars, and was only reduced in order to bring it within his jurisdiction, and the second that after the appeal had been regularly taken and costs paid, the Justice refused to make out a transcript. As to the first exception the deposition of S. H. Yocum, the attorney for the defendant, and who was present at the hearing before the justice, shows that the plaintiff's claim was for over one hundred dollars, and that it

no service on the defendant, and that more than five years had elapsed since the rendition of the original judgment without revival. This is the question of law that arises in the case.

That an attachment in execution may issue after the lien of the original judgment has expired is shown by abundant authority. The case of Ogilsby v. Lee, 7 W. & S., 444, is a leading one upon this point and is commented upon and followed in Gemmill v. Butler, 4 Barr, 232, and in numerous cases since, 7 Barr, 483, 8 Barr, 266. The course of decision has been uniform on this point. In the case of the Bank of Chester v. Ralston in 7 Barr, the attachment was held to have been regularly issued even though thirteen years had elapsed since the date of the original judgment and there had been no revival.

But is it claimed that because there was no service upon the defendant, that therefore the judgment in the attachment was erroneous, as it deprived him of the opportunity of claiming the benefit of the exemption law. It is admitted that if the writ had issued within the five years, that this would have been no ground for setting aside the judgment. Why should it be after the five years have elapsed? Does not the defendant lose his opportunity as much in one case as in the other? As the right of issuing the attachment after the lapse of five years clearly exists, the only result is that a defendant must be just as vigilant after that period as it is admitted he must be before. Under the 36th section of the Act of 1836, a copy of the attachment was to be served upon the defendant. This was irrespective of the time when it issued. But under this law, two returns of *nihil* was held sufficient in Gemmill v. Butler, 4 Barr, 232. But by the 4th section of the Act of 20 March, 1845: So much of the law as required service of the attachment on any defendant was repealed, except where the defendant was a resident of the county in which the attachment issued. There being no necessity for a service on the defendant when he resided out of the county, as in the present case, it was immaterial whether the attachment issued before or after the end of the five years.

No irregularity was shown in the entry of the judgment, upon the argument of the case—the only ground for the opening of the judgment urged, being that the defendant might have an opportunity of claiming the benefit of the exemption laws of the Commonwealth. But the depositions taken show that the defendant had ample actual notice of the issuing of the writ and also of the filing of the interrogatories, and that he entirely neglected to make any claim for the benefit of the exemption laws until long after judgment was rendered against the garnishee, and that then the claim was not made to the Sheriff, or by plea or writing filed in court, but to the garnishee, Henry Sassaman, by a notice served upon him on the 1st of April, 1873. The judgment was entered 27 Jan-

was reduced to one hundred dollars in order to give juridisction. The Justice's record of the case also shows the same very clearly, and also that the defendant objected to the jurisdiction upon that ground. It further shows that after the objection was made, Henry Lochman and Daniel Rissinger were sworn as witnesses for the defendant, and there the justice makes the following entry : "Plaintiff remits part of his claim in order to bring it under the jurisdiction of the justice, and claims but one hundred dollars. The justice after hearing, gave judgment for this amount. The defendant contends that no evidence can be given *aliunde* to contradict this evidence of the justice, and to show that he had jurisdiction. He cites the case of Werner and McGee v. Scott, 3 W., 274, wherein a party was not permitted to show that the judgment was founded upon a claim for the use of a horse, and not for "the taking and keeping" as set forth on the docket of the justice. But it must be evident that where the jurisdiction of the justice is attacked the rule must be different, otherwise he would always have it in his power to confer jurisdiction on himself by his entries upon the record. This is a necessary rule in order to prevent a usurpation of power and jurisdiction. Says Woodward, J., in Collins v. Collins, 1 Wr., 390 : "The sum demanded is the test of jurisdiction. To get at that, we look at the transcript of the justice and the *narr* on the appeal, and the practice is to receive parol testimony also ; and from all these sources to determine the jurisdiction by the matter of the fact." A nice distinction might, perhaps, be drawn between a justice's record, which shows jurisdiction, and one which shows the want of it, because in the latter case the reason for receiving parol testimony in order to contradict the record no longer holds. But this is not necessary to decide in the present instance for the reason that while the record of the justice is corroborated by the testimony of S. H. Yocum, the attorney, who appeared for the defendant before the justice, we do not think it substantially contradicted by the testimony of the plaintiff. The plaintiff says his bill "amounted to over one hundred dollars," and that the freight the defendant paid was to be deducted. "Not knowing exactly what it was, and not having the bill therefore I claimed one hundred dollars as the balance." "They owed me more than one hundred dollars, and I took the general ratio of freight as near as I could get at them, and it left a balance of *about* one hundred dollars. I threw off the balance on account of freight. The contract was, I was to deliver the material and deduct the freight. I agreed that if my claim was anything over one hundred dollars after deducting the freight, that I would abandon all over one hundred dollars as my claim." It is very evident that this does not contradict positively the record of the justice and the testimony of Mr. Yocum. The plaintiff's testimony does not show that the amount of this bill, with the freight

deducted, as to the amount of which there is and was no proof did not exceed one hundred dollars, and that there was no remission of part of the claim so as to give the justice jurisdiction.

It is very clear that a party cannot remit part of his claim so as to reduce it to one hundred dollars or less for the purpose of giving the justice jurisdiction. And a judgment upon such a claim may be objected to at any time. "One who has a demand exceeding one hundred dollars cannot give jurisdiction to a justice, by allowing a set off or counter demand of the defendant, so as to reduce his claim below one hundred dollars. Stroh v. Uhrich, 1 W. & S., 57. "Where the plaintiff's claim has not been reduced by payments to the statutory standard, he cannot give the justice jurisdiction by remitting part and suing for the balance." Collins v. Collins, 1 Wright, 390. Says Woodward, J., in this same case : "It is never too late in the progress of a case to take advantage of the want of jurisdiction." "The defendant may object on that ground at any time. Regularly he ought to do it at the earliest possible moment ; but laches, no more than consent, can confer jurisdiction," &c. To same effect are Ingham v. Sickler, opinion of Elwell, J., Leg. Chron., Vol. 1, page 151, and Carey v. Branch No. 2 W. B. A., opinion of Walker, J., Leg. Chron., Vol. 1, page 170.

"A judgment rendered by a justice of the peace, on an award of referees, for a sum exceeding $100, is void for want of jurisdiction. Phillips' Appeal, 10 Casey, 489.

It is very evident therefore that the justice of the peace had no jurisdiction of the claim, as the case stood before him, and that even though the defendant neglected to perfect his appeal, and did not issue his certiorari until nearly nine months after the judgment was rendered, and after the second alias execution had issued, still he is not estopped from setting up the want of jurisdiction for the purpose of defeating the judgment.

In this aspect of the case it is immaterial whether the justice refused to make out a transcript of the appeal or not, though perhaps it is due to him to say that we do not think the objection is sustained by the evidence. Judgment reversed and execution set aside.