# Ramsey *v.* Ramsey.

*Appeal—Review of discretion as to form—Sci. fa. q. e. n.*

Where the parties, with the approval of the court, have conducted an issue to trial pursuant to a scire facias to revive and quare executionem non, and a verdict has been rendered and a judgment entered, the appellate court will not reverse on an objection, which goes not to substance and right, but to form of procedure within the discretion of the lower court.

*Practice, C. P. —Sci. fa. q. e. n.—Control of execution process.*

The courts and legislature have sanctioned the somewhat anomalous practice of reviving judgments by writs of scire facias as quare executionem non, but construing the writ as strictly quare executionem non the court controls the use of its execution process, to prevent, by previous inquiry, a levy for more than the amount due on the judgment.

There is no force in the proposition that such record shows more than one judgment against the defendant for the same debt.

*Bond—Condition precedent—Effect of obligor's notice of refusal.*

Where under the condition of a bond defendant is obliged to pay and furnish support as stipulated only when needed and demanded, the ques-

tion is for the jury when there was evidence tending to show that notice of refusal to perform was given by the defendant; such notice if so given would release plaintiff from showing that she had demanded the needed support.

Argued May 14, 1900. Appeal, No. 99, April T., 1900, by defendant, in suit of Sarah Ann Ramsey against S. C. Ramsey, from judgment of C. P. Butler Co., Sept. T., 1898, No. 45, on verdict for plaintiff. Before Rice, P. J., Beaver, Orlady, W. W. Porter and W. D. Porter, JJ. Affirmed. Opinion by W. W. Porter, J.

Sci. fa. to continue lien of judgment et quare executionem non. Before Greer, P. J.

It appears from the evidence that Alexander Ramsey executed a deed to his son, Samuel C. Ramsey, for a farm, but in order to secure the maintenance of himself and wife, Sarah Ramsey or the survivor of them, he took from his son, Samuel C. Ramsey, a judgment bond bearing date January 31, 1890, in the penal sum of $5,000, conditioned as follows:

"That if the said Samuel C. Ramsey shall truly pay or caused to be paid unto the above-named, Sarah A. Ramsey the sum of $25.00 per annum, payable semi-annually, during the time of her natural life; also will further pay and furnish to the said Alexander Ramsey and Sarah Ann Ramsey, and the survivor of them, a comfortable maintenance and support, such as they and the survivor of them may need and demand, not to exceed the sum of $2,500 in the aggregate."

On February 3, 1891, judgment was confessed on this bond in the penal sum of $5,000. On August 17, 1898, a scire facias to continue the lien of the confessed judgment was issued and at the same time a rule was issued on defendant to file an affidavit of defense in fifteen days. An affidavit was filed and jury sworn in the case.

On the trial, defendant contended, inter alia, that the amount in said bond was a penalty and that there was no debt due, until a demand was made and support needed, as provided in the bond.

Defendants presented, among others, the following points:

[1. The scire facias in this case having been issued as shown by the præcipe and writ to revive and continue the lien of a

judgment that does not expire until January 3, 1901, this proceeding cannot be maintained. *Answer :* Refused.] [1]

[2. The scire facias in this case having been issued from a judgment confessed by virtue of a power of attorney contained in the bond for maintenance and support offered in evidence, this proceeding cannot be maintained because said sci. fa. does not apply to judgments for breach of performance entered by confession under a warrant of attorney, and does not come within the meaning of the Act of June 14, 1836, P. L. 637, relative to actions on bonds for nonperformance. *Answer :* Refused.] [2]

[3. The bond offered in evidence being conditioned for the comfortable support and maintenance of Alexander and Sarah Ramsey as they "may need and demand," and plaintiff having failed to show that she ever made a demand for support or maintenance on defendant other than she had been receiving, there can be no recovery in this case. *Answer :* Affirmed, unless you believe from the evidence that Samuel Ramsey told his mother that he would pay her no more or furnish her no support after January 31, 1898.] [3]

[4. The defense set up in this case having originated long after the confession of the judgment, and the sci. fa. not having been issued by order and direction of the court to determine the breach of covenant contained in the bond upon which judgment was confessed, this proceeding cannot be maintained. *Answer :* Refused.] [4]

[8. The court must construe the bond offered in evidence in this case, and say to the jury that it is a bond with a penalty in the sum of $5,000 conditioned for the maintenance and support of Alexander and Sarah Ramsey, or the survivor of them, as they "may need and demand;" that the amount named in said bond is a penalty and not liquidated damages, and therefore no debt was due until a demand was made, support needed and neglect and refusal of defendant to furnish it. *Answer :* Affirmed, unless you believe from the evidence that Samuel Ramsey told his mother that he would pay no more or that he would furnish her no more support after January 31, 1898; if he told her so she would not be required to make further demand, as the bond provides that the maintenance shall be in money payments or otherwise as they may require.] [5]

Under the direction of the court the jury entered the following verdict: [That there was due to the plaintiff $142.50; that the defendant has satisfied the bond to the anount of $1,661.36. On this verdict judgment was entered for $838.64.] [6]   Defendant appealed.

*Errors assigned* were (1–5) in refusing defendant's points, reciting points and answers.   (6) In directing judgment to be entered upon the verdict.

*Lev McQuistion*, with him *J. C. Vanderlin* and *John H. Wilson*, for appellant.—If there is any rule of law well settled by numerous authorities of this court, it is that a writ of scire facias does not apply to judgments entered by confession under warrant of attorney for breach of performance, but only to actions and judgments thereon by default, etc., under the statutes of 8 and 9 William III., and our own statute of June 14, 1836, relative to actions on bonds for nonperformance, which is nothing more than a re-enactment of the English statute.

There is nothing in the bond that authorizes three judgments, and the court certainly committed an error when it ordered a judgment against defendant for $838, as stated in our last specification of error, there being no verdict of the jury upon which to base the same.   It will be observed from the record that the jury simply found that $1,650 had been paid on the bond by appellant, and the court inferred therefrom that the balance due thereon was $850, and accordingly directed the judgment for said amount.

*S. F. Bowser*, with him *W. D. Brandon* and *J. M. Galbreath*, for appellee.

OPINION BY WILLIAM W. PORTER, J., October 8, 1900:

The writ under which this case was tried is described, in the appellant's paper-book, as a "sci. fa. to continue the lien of above stated judgment et quare executionem non, returnable," etc.   There seems to be no substantial objection to this form, since the courts and the legislature have sanctioned the somewhat anomalous practice of reviving judgments by writs of scire facias quare executionem non: Dougherty's Estate, 9 W.

& S., 189; Phila. Fire, etc., Co's. Appeal, 2 Pa. 263; Act of
May 6, 1844, P. L. 564. The issues raised by the pleadings
were whether the defendant had discharged the original judg-
ment by performance of the conditions of the bond upon which
the judgment was entered and whether he had been released
by the surviving plaintiff from payment.

Objection is made that the writ of scire facias was not the
proper process under which to try the rights involved, inasmuch
as the original judgment was entered by confession upon war-
rant of attorney for breach of performance. In such a case, it
is contended, the plaintiff was bound to proceed by fieri facias.
This objection was not raised until after issue joined and trial
in progress. The defendant's pleadings raised the issues above
stated. These were directed to ascertaining the right of the
plaintiff to a revival of the judgment and the amount, if any,
for which the plaintiff was entitled to have execution.

There seems to be no reason why the plaintiff was not en-
titled to the use of process for revival. But construing the
writ to be strictly a scire facias quare executionem non, the
defendant has no substantial ground for his objection. By
this writ the court controls the use of its execution process,
to prevent, by previous inquiry, a levy for more than the amount
due on the judgment. The plaintiff might have issued a fieri
facias in the first instance without previous writ of scire facias,
by virtue of the stipulation in the bond and the provisions of
the Act of May 19, 1887, P. L. 132. The amount of the exe-
cution was within the control of the court, who could, if neces-
sary, have interfered to reduce it: Cochlin v. Commonwealth,
11 W. N. C. 460; Skidmore v. Bradford, 4 Pa. 296. But why
should the plaintiff be now deprived of her verdict because she
began by a scire facias? No injury has by reason thereof be-
fallen the defendant. Had a fieri facias been issued, it was
within the power of the court to direct an issue on scire facias
to determine the amount due and the right to execution: Tem-
pleton v. Shakley, 107 Pa. 370. Here the parties, with the
approval of the court below, have conducted such an issue to
trial pursuant to a scire facias. A verdict has been rendered
and a judgment entered. We are not disposed to reverse this
judgment on an objection which goes not to substance and
right, but rather to form of procedure within the discretion of
the lower court.

The appellant contends that he was obliged to pay and furnish support as stipulated by his bond only " when needed and demanded " by the plaintiff and that, as no demand was proven and no need shown, he was relieved from payment. The court below answers this by pointing to the testimony of the plaintiff, wherein it is stated that the defendant having for a considerable time furnished the support and made the stipulated payments, arbitrarily gave notice of his intention to cease and that he thereupon did cease. This testimony made it for the jury to say whether the notice of refusal to perform was in fact given by the defendant. If given, proof of the performance of the empty act of demand, or of continuing need, not denied, was no longer required of the plaintiff. We find nothing in this contention. Nor is there force in the proposition that the record, as it stands, shows more than one judgment against the appellant for the same debt. There is but one judgment. Of this judgment, the amount presently due and collectible by execution has been fixed. The amount undischarged and continued to secure the performance of the conditions of the bond has been fixed. The amount discharged has been fixed. The judgment entered by the court logically and lawfully follows upon the verdict of the jury as rendered.

Finding no error committed, the judgment is affirmed.