## Commonwealth to use *v.* Rarick, Appellant.

*Attachment execution—Judgment on order certified by the Quarter Sessions—Interest in decedent's estate—Act of May 8, 1901, P. L. 143.*

Where an order of the Court of Quarter Sessions to pay a specific sum of money has been certified to the Court of Common Pleas and indexed therein as provided by the Act of May 8, 1901, P. L. 143, it has all the force of a judgment recovered in the Common Pleas, and an attachment execution may issue upon it against defendant's distributive share of the estate of a decedent.

Argued Dec. 4, 1916. Appeal, No. 86, Oct. T., 1916, by defendant, from order of C. P. Schuylkill Co., Sept. T., 1915, No. 338, making absolute rule to quash attachment execution in case of Commonwealth to use of Dora E. Fronk v. Oliver Rarick. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Rule to quash writ of attachment execution.

From the record it appeared that an order had been made on the defendant in the Court of Quarter Sessions for the payment of a specific sum in fornication and bastardy proceedings. The order was subsequently certified and indexed in the Court of Common Pleas. On August 23, 1915, an attachment execution was issued to attach the defendant's interest in the estate of Abraham C. Rarick. On Nov. 8, 1915, the court in an opinion by BECHTEL, P. J., made absolute a rule to quash the writ on the ground that an attachment execution could not be issued on a demand founded in tort.

*Error assigned* was the order making the rule absolute.

*Edward J. Flynn,* with him *M. M. Burke* and *P. H. Burke,* for appellant.—It is not necessary to read into the Act of 1901, the words "attachment execution," because "and such other writs of execution as shall be necessary to collect said judgment," mean and includes "attachment execution," and therefore there is express statutory authority for the issuance of an attachment execution in this case: Wray v. Tammany, 13 Pa. 394; Bouslough v. Bouslough, 68 Pa. 495; Bohan v. Reap, 7 Pa. Superior Ct. 167; Stranahan v. Stranahan, 146 Pa. 44.

*T. H. B. Lyons,* with him *R. J. Graeff,* for appellee.— An attachment execution cannot issue upon a demand founded on tort: Balliet v. Brown, 103 Pa. 546; Jacoby v. Gogell, 5 S. & R. 450; Porter v. Hildebrand, 14 Pa. 129; Boyer v. Bullard, 102 Pa. 555.

OPINION BY ORLADY, P, J., March 16, 1917:

The defendant in this case was convicted in the Court of Quarter Sessions of Schuylkill County, on November 8, 1904, and sentenced to pay a specific sum of money weekly to Dora E. Fronk. Default having been made in

payment, the use-plaintiff availed herself of the provisions of the Act of May 8, 1901, P. L. 143, 2 Stewart's Purden, 2058, which provides that when an order, sentence, decree or judgment for the payment of any moneys whatsoever, in any matter or thing within the jurisdiction of the Court of Quarter Sessions, etc., is made or entered, a copy of said order, sentence, decree or judgment may be certified to any Court of Common Pleas of the same county, "and be entered and indexed in that court as a judgment, with like force and effect as if the same had been recovered therein as a judgment of the latter court; and when so entered, the same may be revived, etc., and be collectable by writ of fieri facias ......and such other writs of execution as shall be necessary to collect said judgment, which writs, aforesaid, shall issue in the same manner and be of like force and effect for the sale of personal and real estate as if the said judgment had been originally recorded in the said court,—except that the defendant in any such writs shall not be entitled to the benefit of any exemption laws."

Subsequent to the entry of this judgment in the Court of Common Pleas, the use-plaintiff caused to be issued a writ of attachment and levied upon certain interests of the defendant in the hands or possession of the administrator of Abraham C. Rarick, deceased, and summoned him as garnishee. An answer was filed, denying the jurisdiction of the court to issue the attachment execution, whereupon a rule was granted to show cause why the writ should not be quashed, which on hearing was made absolute by the court and the use-plaintiff brings this appeal.

Whatever of doubt there may have been in regard to the procedure in such cases, and the technical differences between an execution and an attachment execution, and whether an attachment execution would lie to enforce a judgment founded upon a tort (Balliet v. Brown, 103 Pa. 546; Bohan v. Reap, 7 Pa. Superior Ct. 167), all

these questions have been settled by the Act of May 8, 1901, and this judgment obtained in the Court of Quarter Sessions for the payment of money, when it was duly certified, entered and indexed in the Court of Common Pleas, was thenceforth a judgment with like force and effect as if it had been recovered therein as a judgment of the latter court, and subject to all writs which shall issue in the same manner, and be of like force and effect as if the judgment had been originally recorded in the said court.

It cannot be doubted but that the legislature intended that a judgment so indexed and entered should carry with it the right to all necessary process to enforce its payment without regard to the character of the cause of action on which the judgment was founded. The original cause of action became merged in the final judgment, and in the cases suggested in this act, the defendant was made specially liable by providing that he should not be entitled to the benefit of any exemption law: Wray v. Tammany, 13 Pa. 394; Bouslough v. Bouslough, 68 Pa. 495.

The process against the garnishee is but a species of execution, to collect from him, or from effects in his hands, a judgment against another person: Stranahan v. Stranahan, 146 Pa. 44. The effect to be given to the Act of 1901, is further emphasized by the provisions of the Act of June 7, 1907, P. L. 429; 5 Stewart's Purdon, 5832, providing further remedies to enforce the payment of judgments in like cases.

An attachment execution will lie against an executor to attach the defendant's interest in a legacy or distributive share: Maurer v. Kerper, 102 Pa. 444.

The judgment is reversed; the record remitted to the court below with a procedendo.