# Beck, Appellant, *v.* Finnefrock (No. 1).

*Practice, C. P.—Judgment on order certified from quarter sessions—Execution—Act of May 8, 1901, P. L. 143.*

1. Under the provisions of Section 1 of the Act of May 8, 1901, P. L. 143, which authorizes the certification of an order or sentence of the quarter sessions court to the court of common pleas and its entry and indexing therein as a judgment, such judgment shall have like force and effect as if the same had been entered in the court of common pleas and had been recovered therein as a judgment of that court. The force and effect thus to be given the judgment in the common pleas is to be of the date of its entry in that court, and not the date when the sentence was pronounced, in the court of quarter sessions.

2. A writ of fi. fa. for the collection of such judgment may be issued within five years from its entry without first issuing a writ of scire facias quare executionem non to revive the same.

3. Section 2 of the Act of May 8, 1901, P. L. 143, providing that when said order, sentence, decree or judgment is filed as a judgment of the court of common pleas, the same may be revived by scire facias et quare executionem non, and be collectible by writ of fi. fa., etc., does not require that the judgment must be revived by scire facias quare executionem non, before it may be collected by a writ of fieri facias. Such a course would not be necessary with respect to a judgment less than five years old originally recorded in the court of common pleas, and as, by the provisions of the act, the judgment is to have the same force and effect and the writ of execution on it is to issue in the same manner, as on a judgment in the common pleas, execution may issue on a writ of fieri facias without a previous revival.

Argued April 15, 1919. Appeal, No. 108, April T., 1919, by plaintiff, from order and decree of C. P. Clarion Co., Execution Docket No. 12, December T., 1916, striking off writ of execution in the case of J. T. Beck, Administrator of Hattie C. Ambrose, formerly Hattie C. Beck, deceased, v. Charles Finnefrock. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, WILLIAMS and KELLER, JJ. Reversed.

Petition to strike off judgment and to restrain plaintiff from proceeding by execution to collect the same.

SLOAN, P. J., filed the following opinion, striking off the fi. fa. and writ of execution.

On May 28, 1897, the defendant was convicted in the court of quarter sessions of said county for the crime of fornication and bastardy, and was sentenced to pay a fine of $10 to the overseers of the poor of Beaver Township, to pay to Hattie C. Beck, the prosecutrix, $20, lying-in expenses, etc., and to pay to the said Hattie C. Beck the sum of $1.15 per week for a period of five years from the 16th day of March, 1897, and to give security for the payment of the same.

That the defendant was committed to the jail of the County of Clarion in default in not complying with the order of court, and finally discharged under the insolvent laws, after remaining in custody for a period of three months.

On August 31, 1916, a certified copy of the sentence of the said court was filed in the court of common pleas and a writ of fieri facias or execution issued thereon to No. 12 —— Term, 1916. On September 9, 1916, the defendant presented his petition to the court praying to open the judgment and strike the same from the record for the reason that the same was improperly and improvidently entered, a rule being granted and an answer thereto filed and issue joined in the pleadings.

The Commonwealth contends that the proceedings are regular and can be sustained under the Acts of Assembly of May 8, 1901, and June 7, 1907. The Act of June, 1907, provides (inter alia) that from and after the passage of this act, when any person shall have been convicted of fornication and bastardy, and sentenced, etc., it shall be lawful for the mother of such child to file in the court of common pleas of the county in which such conviction shall have been had a copy of such sentence, certified by the clerk of the proper court of quarter sessions. This

act provides that accrued interest shall be allowed on all payments.

We think this act is clearly prospective, and from the reading of the same it evidently was the legislative intent to affect cases only after the passage of the act. We are of the opinion that these proceedings cannot be sustained under this act. Turning then from this act to that of May 8, 1901, which provides that where any court of quarter sessions has heretofore made or entered or shall hereafter make or enter any order, decree, etc., provided therein that a certain copy of the sentence and decree might be filed in any court of common pleas of the county, we think this act is clearly retrospective as it only concerns the mode of procedure and not to affect the rights of the parties. It would apply to this case.

In the case of Kelly v. Reading Iron Works, 134 Pa. 225, it is there said: "It is sufficient to say that legislation which affects rights will not be construed to be retroactive unless it is declared so in the act. But where it concerns merely the mode of procedure it is applied, of course, to litigation at the time of its passage."

This act of assembly in no way changes the mode of punishment, nor does it in any way affect the liability of the defendant, relating only to the procedure and the collection. We therefore think it comes under the above principle and the proceedings so far as certifying the same from the quarter sessions into the common pleas is regular.

The second section of the act provides that where said order or decree of the court of quarter sessions is entered as a judgment in the court of common pleas the same may be revived by scire facias et quare executionem non and be collectible by writs of fieri facias, etc. If it had been the intention of the act of assembly to permit a fieri facias or writ of execution to be issued in the first instance, it would have been a very easy matter to have said so in the act. It evidently was the intention of the legislature to first warn the defendant of the nature and

540    BECK, Appellant, *v.* FINNEFROCK (No. 1).

Opinion of Court below—Opinion of the Court. [72 Pa. Superior Ct.

character of the writ and give him a day in court. This
act is too plain to question.

We are of the opinion that this part of the proceeding
is irregular and that the writ of execution must be
stricken from the record and all proceedings had there-
under must be set aside. This disposes of the case, mak-
ing it unnecessary to consider the other questions in-
volved.

And now, October 18, 1918, after argument and upon
due consideration thereof, it is ordered and decreed that
the fieri facias and writ of execution issued in this case
is stricken from the record as improperly entered, and
that the property levied under and by virtue of the said
writ be released from the lien thereof.

*Error assigned,* among others, was the order of the
court.

*Don C. Corbett,* and with him *John S. Shirley* and
*H. E. Rugh,* for appellant.

*George F. Whitmer,* and with him *J. V. Frampton,* for
appellee.

OPINION BY KELLER, J., July 17, 1919:

The principal question raised by this appeal, is wheth-
er when an order or sentence of the court of quarter
sessions, has been certified to the court of common pleas,
and has been entered and indexed in said court as a judg-
ment, under the provisions of the Act of May 8, 1901, P.
L. 143, a writ of fieri facias for the collection of said
judgment may be issued within five years from its entry
without first issuing a writ of scire facias quare execu-
tionem non to revive the same. The learned court below
held that it could not and ordered the writ of execution
so issued to be stricken from the record and the property
levied on thereunder to be released from the lien thereof.

Section one of said act, which authorizes the certification of such order or sentence to the court of common pleas and its entry and indexing therein as a judgment, provides that such judgment shall have like force and effect, as if the same, that is, the judgment just entered in the court of common pleas, had been recovered therein as a judgment of said court; and it follows, that the force and effect thus to be given the judgment in the common pleas is to be of the date of its entry in that court, and not the date when the sentence was pronounced in the quarter sessions.

Section two goes on to enumerate even more definitely the force and effect attaching to the judgment in the court of common pleas obtained by filing therein the certified copy of the order or sentence of the court of quarter sessions.    It provides that when said order or sentence is entered as a judgment in the court of common pleas as aforesaid, the said judgment may be revived by scire facias quare executionem non and be collectible by writs of fieri facias, venditioni exponas, etc., to sell real and personal estate, and by alias, pluries, and such other writs of execution as shall be necessary to collect said judgment, which writs, aforesaid, shall issue in the same manner and be of like force and effect for the sale of personal and real estate as if the judgment had been originally recovered in said court of common pleas.

The act does not provide that the judgment must be revived by scire facias quare executionem non before it may be collected by writ of fieri facias; such a course would not be necessary with respect to a judgment, less than five years old, originally recorded in the court of common pleas, and by the provisions of the act the judgment is to have the same force and effect and the writ of execution on this judgment is to issue in the same manner and with like force and effect as such an original judgment.    The section makes provision for two distinct processes, revival and collection, and does not require the former to precede the latter, except after the lapse of

five years, any more than is the case with an ordinary judgment recovered in the court of common pleas.

The learned court below, however, ruled that revival of the judgment by writ of scire facias was necessary before collection could be enforced by writ of fieri facias, because the writ of scire facias is designated in the act, scire facias quare executionem non.

The writ of scire facias to continue the lien of a judgment against a defendant's real estate, sometimes known in this State as scire facias post annum et diem, was instituted by the Acts of April 4, 1798, 3 Sm. L. 331, 2 Purd. 2042, and March 26, 1827, 9 Sm. L. 303, 2 Purd. 2046, and was a different writ from the scire facias quare executionem non, (also indifferently denominated in England, because of the time when it issued, scire facias post annum et diem), authorized by the Statute of Westminster II to revive the judgment in a personal action and the right to issue execution thereon, where the plaintiff had omitted to issue execution within a year and a day, (extended by our Act of April 16, 1845, P. L. 538, to five years) : 2 Troubat & Haly's Practice, Brightly's Ed., Sec. 2072, note 4. But, probably due to the confusion of names above mentioned, "an inveterate practice has prevailed in this State of reviving a judgment by scire facias quare executionem non, to which the courts on the maxim of communis error, were compelled to give their sanction" : 2 Troubat & Haly Pr. Sec. 2084, citing: Dougherty's Est., 9 W. & S. 189; Pennock v. Hart, 8 S. & R. 369; Phila. Fire, etc., Co.'s App., 2 Pa. 263; and the practice has been recognized by this court as late as Ramsey v. Ramsey, 15 Pa. Superior Ct. 214.

In this instance, the designation was, evidently, not used in its exact or technical sense, for so used, there would be no occasion for a revival by scire facias quare executionem non unless more than five years had elapsed from the entry of the judgment: Act of April 16, 1845, supra; and as before pointed out, this refers to the entry

of the judgment in the common pleas, not the entry of the sentence in the quarter sessions.

The purpose of the clause in section two, relative to revival by scire facias, was in our opinion, not to emphasize the distinction originally existing between the two kinds of scire facias above referred to, but was to make definite provision that the lien and effect of such a judgment, was, like other judgments, limited to five years, but like them, might be revived and continued by scire facias, and in expressing this purpose, the legislature fell into the common practice and common error above referred to, by using the designation, "quare executionem non." It could not have had in mind the Statute of 8 & 9 William III, Cap. XI, Roberts' Digest, p. 142, as suggested by the learned counsel for the appellee, for that applied only to an action on a bond in a penal sum and authorized judgment to be entered for the penalty of the bond and damages assessed to the time of trial, with the right to issue scire facias to show cause why execution should not be had or awarded on said judgment for further breaches of said bond, for there is no bond or recognizance involved in the act.

The Act of May 8, 1901, was considered by this court in Commonwealth, to use of Fronk v. Rarick, 66 Pa. Superior Ct. 162, where it was held that a judgment entered, pursuant to its provisions, in the court of common pleas carries with it inherently all necessary process to enforce its payment, including attachment execution.

No rights of a defendant are jeopardized by the construction herein adopted, for the order or sentence of the court of quarter sessions, before entry in the common pleas, is like a judgment in the common pleas, subject to the presumption of payment after twenty years, and if the order or sentence has actually been complied with and the money due thereunder paid, or if any error has been made in the amount of the judgment, the facts can be shown on a petition to open the judgment.

The second assignment of error is sustained.

In view of this action it is not necessary in this appeal to consider the Act of June 7, 1907, P. L. 429, and whether its effect is retrospective or not.

The order of the court below is reversed, the writ of fieri facias is reinstated, and the record remitted that a writ of venditioni exponas may issue to sell the property levied on thereunder.