## Commonwealth, to use, v. Lefever.

*Fornication and bastardy—Commitment in default of fine—Entry of judgment for fine—Scire facias—Attachment—Act of June 7, 1907.*

Where a defendant was convicted of fornication and bastardy and given the usual sentence, and having failed to comply with the order, was committed to prison, where he remained for three months, and judgment against him was entered in the Common Pleas on a certified copy of the record of the Quarter Sessions for the amount of the sentence, under the Act of June 7, 1907, P. L. 429, attachment execution may issue thereon and the same may be revived by *scire facias*, having all the force of a judgment recovered in the Common Pleas from the date of its entry, notwithstanding the fact that the defendant had served a term in prison.

Case stated. C. P. Lancaster Co., Feb. T., 1923, No. 21.

*Amos E. Burkholder*, for Commonwealth; *John A. Coyle*, for defendant.

LANDIS, P. J., Dec. 22, 1923.—The case stated, which has been agreed upon by the parties in interest, presents the following facts:

The defendant was prosecuted in the Court of Quarter Sessions of Lancaster County, to April Sessions, 1916, No. 29, for fornication and bastardy. He was called for trial on Sept. 12, 1916, and entered a plea of not guilty. Upon a trial before a petit jury, he was found guilty as indicted, and he was thereupon sentenced by the court to pay a fine of $10, pay costs of prosecution, pay to Eva Grumbine, the prosecutrix, $25 lying-in expenses, $12 for the support of her child to date of sentence, and $1 a week thereafter until the child arrives at the age of seven years, and to give a bond in the sum of $300 for his compliance with this order. He failed to comply with this order, and in default thereof, he was committed to the Lancaster County Prison, where he remained for a period of three months, being discharged from custody on Dec. 12, 1916.

On Jan. 19, 1918, a certified copy of this record was filed in the Court of Common Pleas, and judgment thereon was entered to November Term, 1917, No. 170, for $389, payable in instalments, and on Jan. 25, 1918, an attachment *ad lev. deb.* was issued to February Term, 1918, No. 32, in which Clayton Lefever was named as defendant and the estate of Benjamin E. Lefever, Ella V. Lefever, administratrix, was named as garnishee. On Jan. 9, 1923, the above *scire facias* was issued to revive the original judgment. It is claimed by the defendant that the judgment is of no force and effect, because

Commonwealth, to use, *v.* Lefever.

he was punished for the offence for which he was indicted, and that his discharge from custody freed him from the obligations imposed upon him by the sentence.

It seems to me that this proposition need not be discussed at any length. The Act of June 7, 1907, § 1, P. L. 429, provides: "That from and after the passage of this act, when any person shall have been convicted of fornication and bastardy and sentenced by any Court of Quarter Sessions to pay to the mother of any bastard child any sum or sums of money for the support of such child, it shall be lawful for the mother of such child to file in the Court of Common Pleas of the county in which such conviction shall have been had a copy of such sentence, certified by the clerks of the proper Court of Quarter Sessions and under the seal thereof; upon which copy so filed the Prothonotary of the Court of Common Pleas shall enter judgment in favor of the mother and against the defendant for the full amount of the said sentence, payable in the instalments therein provided, with interest thereon, from the time they shall respectively become due, and costs of suit." Section 2 declares that: "If default be made in the payment of any such instalments and continue for five days, a writ of *fieri facias* may issue for the collection of all past-due instalments, and no exemption of property from levy and sale shall be allowed." Section 3 directs that: "In addition to the writ of *fieri facias* above provided, an attachment execution may be issued, and, in addition to such rights and credits as are now attachable, wages and salaries may also be attached thereon, and no exemption of any money, rights or credits attached thereby shall be allowed." By section 4, it is also provided that "the said writs, either or both, may be issued as often as default occurs, until the whole judgment be paid."

The above act re-enacts, with additions, the Act of May 8, 1901, P. L. 143. The Superior Court in Com. *v.* Rarick, 66 Pa. Superior Ct. 162, decided that: "Where an order of the Court of Quarter Sessions to pay a specific sum of money has been certified to the Court of Common Pleas and indexed therein, as provided by the Act of May 8, 1901, P. L. 143, it has all the force of a judgment recovered in the Common Pleas, and an attachment execution may issue upon it against defendant's distributive share of the estate of a decedent." In Beck *v.* Finnefrock, 72 Pa. Superior Ct. 537, the defendant was convicted of fornication and bastardy and was sentenced similarly as in the present case to pay a fine, lying-in expenses and a weekly sum for five years, and to give security for the payment of the same. He was committed in default of compliance with the order, and was, after remaining in custody three months, discharged under the insolvent laws. A certified copy of the sentence was filed in the Court of Common Pleas and a writ of *fieri facias* was issued thereon. The defendant then obtained a rule to open the judgment and strike the same from the record, for the reason that it was improperly and improvidently entered. This rule was made absolute. The Superior Court reversed the judgment, holding that, under the Act of 1901, such judgment had the like form and effect as if the same had been entered in the Court of Common Pleas, and that the effect given to it is to be of the date of its entry in that court, and not of the date when the sentence was pronounced in the Court of Quarter Sessions.

We are of the opinion that the judgment on the *scire facias* was valid, and that judgment should be entered in favor of the plaintiff and against the defendant for the amount of the claim made, payable as the several instalments fall due. Judgment for plaintiff.

From George Ross Eshleman, Lancaster, Pa.