## Commonwealth ex rel. v. Smith et al.

*Wilson & Salmon,* for plaintiff.
*Clyde Holt, Jr.,* for garnishee.

READER, P. J., May 7, 1941. — Edith Smith, the use-plaintiff, is the wife of Joseph Smith, alias J. M. Smith, defendant. In a proceeding in the Court of Quarter Sessions of Beaver County, at no. 96, December term, 1934, an order was made, on March 22, 1935, requiring defendant to pay to the Probation Officer of Beaver County the sum of $7.50 per week for the support of the two minor children of himself and wife. On February 1, 1938, a certificate of the order above referred to was filed in the

Court of Common Pleas of Beaver County under the provisions of the Act of May 8, 1901, P. L. 143, 12 PS §1001. Judgment was entered in the court of common pleas at no. 226, March term, 1938, D. S. B. A writ of scire facias was issued upon this judgment at no. 129, March term, 1938, and judgment was entered upon the same in the sum of $765.90. Upon this judgment an attachment execution was issued at no. 200, March term, 1938, against the above-named Pennsylvania Railroad Company as garnishee. This matter was adjusted by agreement. Thereafter defendant, Smith, again defaulted in payments under the order of support above referred to.

On August 14, 1940, an attachment execution, at no. 163, September term, 1940, was issued. The amount sought to be collected by this execution was $617.10 then due upon the judgment at no. 129, March term, 1938. The attachment execution was served upon Pennsylvania Railroad Company, and the said company, as garnishee, filed its answer to interrogatories admitting that it had in hand at the time of the filing of said interrogatories the sum of $140.54 due defendant. The answer also avers that this sum constitutes wages earned by defendant by his labor as an employe of the garnishee. The garnishee further contends that as wages the funds in its hands are not subject to attachment under the provisions of the Act of June 16, 1836, P. L. 755, as amended by the Act of April 15, 1845, P. L. 459, 42 PS §886. This is the question before us for determination at this time.

We think the question is answered by the provisions of the statutes hereinafter cited. The Act of May 8, 1901, supra, providing for the entry of judgment in the court of common pleas upon the certificate of an order made in the court of quarter sessions, provides that defendant in such judgment, and in writs of execution issued thereon, shall not be entitled to the benefit of any exemption laws. The validity of this statute, and of its provisions against exemption, is established in the case of Commonwealth v. Rarick, 66 Pa. Superior Ct. 162.

The Act of April 13, 1867, P. L. 78, as amended, 18 PS §1252, establishes the procedure in desertion and nonsupport cases. It provides for the enforcement of an order made in such proceeding by writs of execution, specifically including writs of attachment execution. It also provides that the person against whom an order is made shall not be entitled to the benefits of any exemption law in force at the time of the passage of the act, or thereafter adopted. A similar provision is found in The Penal Code of June 24, 1939, P. L. 872, sec. 733, 18 PS §4733. The Act of May 10, 1921, P. L. 434, 48 PS §136, provides for the enforcement of an order or judgment against any husband requiring him to pay any sum or sums for the support of his wife, or children, or both. The provision of the act expressly includes writs of attachment execution. It provides also that no person against whom an order, decree, or judgment is made shall be entitled to the benefits of any exemption law then in force, or thereafter passed.

We think the provisions of these statutes clearly cover and rule the question now before us. No decisions of our appellate courts have been called to our attention which directly rule the question, though cases are cited which in principle tend to support plaintiff's position. The same situation as that now before us is presented in the case of Commonwealth ex rel. v. Maksymchuck, 84 Pitts. 236. In this case it was held by the Court of Common Pleas of Schuylkill County that, under the statutes above cited, wages are subject to attachment to enforce an order of support, and that defendant is not entitled to an exemption.

We are of the opinion, therefore, that the funds in the hands of Pennsylvania Railroad Company, garnishee in the above-stated case, are subject to attachment upon the above-entitled judgment, and that defendant is not entitled to an exemption.