## Johnson v. Johnson

*Henry O. Heiser, III,* for plaintiff.
*Jane Alexander,* for defendant.

SPICER, *P.J.,* February 17, 1981—Plaintiff obtained an order of support against defendant on August 6, 1974. The order was modified November 6, 1974. There is presently pending a petition for remodification.

Judgment was entered in the prothonotary's office on December 17, 1975 in the amount of $4600. All arrearages were paid and the order was brought

current in April, 1977. However, since then considerable arrearages have accumulated but the exact amount of those cannot be ascertained at the moment because of the pending petition for modification. The judgment in the prothonotary's office has never been satisfied and on November 6, 1980 plaintiff filed a praecipe for a writ of revival.

Defendant has petitioned to open the judgment.

Plaintiff concedes that the amount for which the judgment was entered has been paid in full since the entry of the judgment. However, plaintiff's position is that the judgment is valid despite that fact because there is and has been at all times material to this matter a valid order of support entered against defendant. It is the order of support that forms the basis of this judgment, she argues, even though the amount due on the order may not be ascertainable at any particular time.

Plaintiff relies upon the Act of May 8, 1901, P.L. 143, sec. 1, 12 P.S. § 1001. Although this act has been repealed as being obsolete by the Judiciary Act Repealer Act of April 28, 1978, P.L. 202, 42 P.S. § 20002 [852], it was in effect at the time this judgment was entered. The act provides that a copy of any order, decree or judgment entered in the court of quarter sessions of oyer and terminer may be certified to the court of common pleas and entered as a judgment therein. Plaintiff argues that this act must be interpreted as authorizing entry of the support order itself as a judgment whether or not defendant is in arrears.

It is an interesting argument.

Generally, a judgment creating a personal obligation for the payment of money must be for a definite sum of money: 47 Am.Jur. 2d, Judgments § 925. Although a support order may be a judgment in the

sense that it is a final judicial determination of the respective rights and duties of the parties at the time of the order, it is not entitled to full faith and credit until a definite sum of money is established: Id. §930.

Cases proceeding under 12 P.S. §1001 have generally involved arrearages liquidated to a sum certain before judgment was obtained by certification. See, e.g., Com. v. Rarick, 66 Pa. Superior Ct. 162 (1917); Com. ex rel. v. Owens, 16 Lack. 73 (1915); Marquette v. Strausser, 45 Northumb. 1 (1972).

This court is of the opinion and holds that before a valid money judgment may be entered in the prothonotary's office on a support order, the amount of arrearages must be liquidated to a sum certain. When that sum is paid, defendant is entitled to have that particular judgment satisfied.

Therefore, it follows, defendant is entitled to have judgment opened.

## ORDER

And now, February 17, 1981, defendant's petition to open judgment is granted and the judgment is opened.